UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | **CASE NO.     4:07-cr-00603** |
| Plaintiff, | : | **JUDGE LESLEY WELLS** |
| v. | : | |
| | : | **MAGISTRATE JUDGE** |
| **JOHNATHAN CENTENO,** | : | **NANCY A. VECCHIARELLI** |
| Defendant. | : | **REPORT & RECOMMENDATION** |

  Pursuant to General Order 99-49, this matter has been referred to United States Magistrate Judge Nancy A. Vecchiarelli for purposes of receiving, on consent of the parties, the defendant's offer of a plea of guilty, conducting the colloquy prescribed by Fed. R. Crim. P. 11, causing a verbatim record of the proceedings to be prepared, referring the matter, if appropriate, for presentence investigation, and submitting a Magistrate Judge's Report and Recommendation stating whether the plea should be accepted and a finding of guilty entered.  The following, along with the transcript or other record of the proceedings submitted herewith, constitutes the Magistrate Judge's Report and Recommendation concerning the plea of guilty proffered by the defendant.

1. On April 28, 2009, the defendant, accompanied by counsel, proffered a plea of guilty to count 1 of the indictment based to upon the drug quantities set forth in the plea agreement.  The Government agreed to move the Court to dismiss counts 5, 7, 14-16, 19-29 of the indictment at the time of sentencing.

      However, the government inadvertently failed to include the dismissal of count 18 of the indictment in the executed plea agreement. The Court, therefore, held a supplemental hearing later the same day to address the dismissal of count 18. The defendant consented, both orally and in writing after consultation with counsel, to the appearance of his counsel by telephone at the supplemental hearing. His counsel was telephonically connected to the courtroom proceedings and connected on a separate, private line with the defendant in the courtroom. The government personally attended the hearing. The parties agreed that the dismissal of count 18 of the indictment should have been included in the plea agreement. The defendant reaffirmed his plea of guilty to count 1 of the indictment.

2. Prior to such proffer, the defendant was examined as to his competency, advised of the charge and consequences of conviction, informed that the Federal Sentencing Guidelines are advisory and the Court must consider them but the Court may impose any reasonable sentence authorized by law, notified of his rights, advised that he was waiving all his rights except the right to counsel and otherwise was provided with the information prescribed in Fed. R. Crim. P. 11.

3. The parties and counsel informed the court about the plea agreement between the parties; the undersigned was advised that, aside from such agreement as described or submitted to the court, no other commitments or promises have been made by any party, and no other agreements, written or unwritten, have been made between the parties.

4. The undersigned questioned the defendant under oath about the knowing,

intelligent, and voluntary nature of the plea of guilty, and finds that the defendant was competent to enter a plea and the plea was offered knowingly, intelligently, and voluntarily.

5. The parties provided the undersigned with sufficient information about the charged offense(s) and the defendant's conduct to establish a factual basis for the plea.

In light of the foregoing and the record submitted herewith, the undersigned finds that the defendant's plea was knowing, intelligent, and voluntary, and all requirements imposed by the United States Constitution and Fed. R. Crim. P. 11 have been satisfied. Therefore, the undersigned recommends that the plea of guilty be accepted and a finding of guilty be entered by the Court.

s/ *Nancy A. Vecchiarelli*  
NANCY A. VECCHIARELLI  
UNITED STATES MAGISTRATE JUDGE

DATE: April 29, 2009

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).